[Cite as *State v. Williams*, 2015-Ohio-5335.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2014-L-105** |
| MICHAEL C. WILLIAMS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 14 CR 000108.

Judgment: Affirmed.

*Charles E. Coulson*, Lake County Prosecutor, and *Karen A. Sheppert*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Charles R. Grieshammer*, Lake County Public Defender, and *Vanessa R. Clapp*, Assistant Public Defender, 125 East Erie Street, Painesville, OH 44077 (For Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} Appellant, Michael C. Williams, appeals the trial court's judgment entry following his guilty plea to numerous offenses he committed during a four-day period. The trial court sentenced Williams to a total prison term of 23 years. Williams asserts that the trial court failed to consider certain mitigating factors and that it improperly considered an aggravating factor in reaching his sentence. We affirm.

{¶2} On March 26, 2014, Williams was indicted for attempted murder, a felony of the first degree, in violation of R.C. 2923.02; felonious assault, a felony of the second degree, in violation of R.C. 2903.11(A)(2); improperly handling firearms in a motor vehicle, a fourth degree felony, in violation of R.C. 2923.16(B); tampering with evidence, a felony of the third degree, in violation of R.C. 2921.12(A)(1); and discharging a firearm on or near prohibited premises, a felony of the third degree, in violation of R.C. 2923.16(B), for acts that occurred on or about January 11, 2014. The attempted murder, felonious assault, and tampering with evidence counts all carried firearm specifications.

{¶3} Williams was further indicted for carrying a concealed firearm, a felony of the fourth degree, in violation of R.C. 2923.12(A)(2); improperly handling firearms in a motor vehicle, a felony of the fourth degree, in violation of R.C. 2923.16(B); improperly discharging a firearm at or into a habitation or school safety zone, a felony of the second degree, in violation of R.C. 2923.16(A)(1); and felonious assault, a felony of the second degree, in violation of R.C. 2903.11(A)(2) for acts that occurred on or about January 12, 2014. The improperly discharging a firearm at or into a habitation or school safety zone and felonious assault counts came with firearm specifications.

{¶4} Williams was also indicted for tampering with evidence, a felony of the third degree, in violation of R.C. 2921.12(A)(1); carrying a concealed firearm, a felony of the fourth degree, in violation of R.C. 2923.12(A)(2); and obstructing official business, a felony of the fifth degree, in violation of R.C. 2921.31 for acts that occurred on or about January 14, 2014. The tampering with evidence and obstructing official business

counts carried firearm specifications. Finally, Williams was indicted for engaging in a pattern of corrupt activity, a felony of the first degree, in violation of R.C. 2923.32(A)(1).

{¶5} As for the January 11 charges, Williams pleaded guilty to felonious assault with the accompanying firearm specification, tampering with evidence with the accompanying firearm specification, and discharge of a firearm on or near prohibited premises.

{¶6} As for the January 12 charges, Williams pleaded guilty to improperly handling firearms in a motor vehicle and improperly discharging a firearm at or into a habitation or school safety zone with the accompanying firearm specification. The remaining charges were dismissed.

{¶7} Finally, as for the January 14 charges, Williams pleaded guilty to tampering with evidence and obstructing official business with the accompanying firearm specification.

{¶8} Williams admitted during the plea colloquy that the following facts would have been established at trial. On January 11, 2014, Williams was in a car with Chris Ernest and Ginelli Ernest when he jumped out and fired a semiautomatic rifle seven times at Aaron Thomas in Painesville, Ohio. None of the shots hit Thomas. Williams then took the rifle to an apartment in Painesville to hide it.

{¶9} On January 12, 2014, Williams took the rifle to an apartment in Ashtabula County in a motor vehicle. While en route to the apartment, Williams was stopped by Ashtabula police. When asked his name, Williams lied. He then fled after the officer went to his vehicle to call for backup.

3

{¶10} Then on January 14, 2014, Painesville police received a call about men brandishing guns. They confronted Williams, Ginelli Ernest, and three others at a gas station. Because of the nature of the call, the police had their weapons drawn and ordered the individuals not to move. Williams disregarded that order and fled. Williams ultimately entered the Painesville power plant after climbing the fence while carrying a handgun. Williams entered the power plant cooling tower. Police surrounded him and discovered that he had discarded the handgun. Williams admitted that he discarded the firearm to prevent the police from finding it.

{¶11} Following his plea, Williams was sentenced to a total prison sentence of 23 years.

{¶12} At sentencing, the trial court noted some of the facts it considered in arriving at Williams' sentence. Specifically, the court considered that there were multiple victims who suffered psychological harm, including intended and unintended victims, as well as the economic harm resulting from his gunfire. The court also noted that Williams' relationship with the victims facilitated the commission of the offense and that his behavior was part of organized criminal activity committed in conjunction with other co-defendants.

{¶13} With respect to recidivism, the court noted the following. Williams was out on bond awaiting sentencing for crimes he was later convicted of when he committed these crimes. Williams had a juvenile record, which included, among other things, adjudications for disorderly conduct, assault, and domestic violence. It also noted that he had a prior criminal record for aggravated menacing, resisting arrest, and receiving stolen property. Further, Williams had numerous probation violations, which

4

demonstrated that he did not respond well to corrective sanctions. The court further observed that Williams has ongoing substance abuse problems even though he has gone through treatment. In addition, recidivism was more likely in Williams' case because his offenses involved multiple incidents over a period of days.

{¶14} The court also considered factors that would make recidivism less likely. Specifically, the court noted the Williams accepted responsibility for his actions via his guilty plea and that he spared the state and victims the aggravation of trial. The court also noted that Williams cooperated with the police to some extent; however, it stated that "[i]t took some time to get it out."

{¶15} Williams asserts a single assignment of error:

{¶16} "The trial court erred by sentencing the defendant-appellant to an excessive, consecutive, twenty-three year term of imprisonment."

{¶17} Williams claims that the trial court failed to consider several R.C. 2929.12 factors favoring a lower sentence in his case.

{¶18} R.C. 2953.08(G) dictates our standard of review in reviewing felony sentences. *State v. Long*, 11th Dist Lake No. 2013-L-102, 2014-Ohio-4416, ¶71. R.C. 2953.08(G)(2)(b) provides in pertinent part that we may reverse the trial court if the sentence was clearly and convincingly contrary to law.

{¶19} Upon addressing appeals alleging improper consideration of R.C. 2929.12 factors, the sentencing court is required to *consider* the R.C. 2929.12 factors. *State v. Bigley*, 9th Dist. Medina No. 08CA0085-M, 2009-Ohio-2943, ¶14. However, "there is no requirement under R.C. 2929.12 that the trial court on the record provide an analysis of the factors it considered." *Id.* A consideration of the applicable seriousness and

recidivism factors in R.C. 2929.12 does not require the sentencing court to employ specific language or render specific findings on the record. *State v. Webb*, 11th Dist. Lake No. 2003-L-078, 2004-Ohio-4198, ¶10, quoting *State v. Arnett*, 88 Ohio St.3d 208, 215, 2000-Ohio-302, 724 N.E.2d 793.

**{¶20}** The Ohio Supreme Court has held that "[a] silent record raises the presumption that a trial court considered the factors contained in R.C. 2929.12." *State v. Adams,* 37 Ohio St.3d 295, 525 N.E.2d 1361 (1988), paragraph three of the syllabus; *State v. Greitzer*, 11th Dist. Portage No. 2006-P-0090, 2007-Ohio-6721, ¶28. The defendant has the burden to present evidence to rebut the presumption that the court considered the sentencing criteria. *State v. Cyrus*, 63 Ohio St.3d 164, 166, 586 N.E.2d 94 (1992). Further, in order to rebut this presumption, "a defendant must either affirmatively show that the court failed to [consider the statutory factors], or that the sentence the court imposed is 'strikingly inconsistent' with the statutory factors as they apply to his case." *Bigley*, 2009-Ohio-2943, at ¶14, quoting *State v. Rutherford*, 2d Dist. Champaign No. 08CA11, 2009-Ohio-2071, ¶34.

**{¶21}** First, Williams claims that the trial court failed to consider his cooperation with respect to his willingness to testify against his co-defendants. However, this claim is directly contradicted by the record where, although not required to do so, the trial court stated it considered Williams' cooperation. Thus, this argument lacks merit.

**{¶22}** Next, Williams argues that the trial court impermissibly used his drug addiction as an aggravating factor because R.C. 2929.12(D)(4) requires a defendant to either demonstrate "a pattern of drug or alcohol abuse that is related to the offense, *and*

the offender refuses to acknowledge that the offender has demonstrated that pattern, *or* the offender refuses treatment for the drug or alcohol abuse." (Emphasis added.)

**{¶23}** R.C. 2929.12(D) states in part:

**{¶24}** "The sentencing court *shall consider* all of the following that apply regarding the offender, *and any other relevant factors*, as factors indicating that the offender is likely to commit future crimes:

**{¶25}** "* * *

**{¶26}** "(4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse." (Emphasis added.)

**{¶27}** Although Williams correctly argues that the record does not satisfy the second part of R.C. 2929.12(D)(4) since it does not reflect that he either refused treatment *or* failed to acknowledge his pattern of drug abuse, we nonetheless find that the trial court was permitted to consider his pattern of drug abuse as a recidivism factor under the catch-all language in R.C. 2929.12(D).

**{¶28}** Williams starting using drugs at an early age and his four-day crime spree was directly fueled by his drug addiction. In fact, his counsel acknowledged at sentencing that Williams was using at least three types of drugs during his crime spree and "by all accounts was not in his right mind when these events unfolded." Counsel further states that he was being almost bullied and essentially "did what he was told" to secure drugs and that appellant would never have committed the offenses had he been

in his "right state of mind." Further, the presence report reflects that Williams personally acknowledged his drug use was out of control at the time of the offenses.

{¶29} Accordingly, the trial court appropriately considered Williams' extensive drug history as indicative of his likelihood of committing crimes in the future. *State v. Stanley*, 4th Dist. Meigs No. 97CA21, 1998 Ohio App. LEXIS 5525, *20 (Nov. 18, 1998) (holding in part that "even if such situation does not squarely satisfy R.C. 2929.12(D)(4), it is an 'other relevant factor' for the court to consider."); *State v. Clifton*, 12th Dist. Clermont No. CA2000-09-073, 2001 Ohio App. LEXIS 1641, *6-7, (Apr. 9, 2001).

{¶30} Finally, Williams argues that the trial court did not consider that the victims provoked him by "shooting up" his apartment. Again, we presume from a silent record that the trial court considered this factor unless the record demonstrates otherwise. As Williams cannot point to anything indicating that the trial court did not consider this factor, and the sentence is not strikingly inconsistent with the record, Williams has not rebutted the presumption that the trial court considered this fact.

{¶31} The sole assignment of error is without merit, and the judgment of the trial court is affirmed.


CYNTHIA WESTCOTT RICE, J., concurs,

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.


_____

8

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

{¶32} I respectfully dissent.

{¶33} The majority notes that Williams is correct when he argues that the record does not reflect that he either refused treatment or failed to acknowledge his drug abuse. Nevertheless, the majority holds that the trial court was still permitted to consider his drug abuse as a recidivism factor. I disagree.

{¶34} The record shows that Williams was in treatment on at least three and perhaps four occasions. Additionally, Williams was very forthcoming regarding his drug use when interviewed for the presentence report. As such there is no evidence in the record that supports a finding that Williams' drug abuse is likely to lead him to commit future crimes.

{¶35} In this writer's opinion Williams has clearly and convincingly demonstrated that the trial court's R.C. 2929.12(D)(4) sentencing finding was contrary to law, and that an application of the correct factor might impact the trial court's sentencing decisions in his favor.

{¶36} As such, I dissent.