[Cite as *State v. Guth*, 2016-Ohio-8221.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | CASE NO. 2015-P-0083 |
| BRANDON J. GUTH, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Court of Common Pleas, Case No. 2014 CR 0233.

Judgment: Affirmed.

*Victor V. Vigluicci*, Portage County Prosecutor, and *Kristina Reilly*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266. (For Plaintiff-Appellee).

*Benjamin R. Sorber*, and *Thomas M. DiCaudo*, DiCaudo, Pritchard & Yoder, LLC, 209 South Main Street, Third Floor, Akron, OH 44308 (For Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} Appellant, Brandon J. Guth, appeals his conviction and sentence on three counts of aggravated vehicular assault, three counts of vehicular assault, and one count of operating a motor vehicle while intoxicated. He challenges the denial of his motions in limine regarding the admissibility of "blood test" evidence and imposition of consecutive prison terms. We affirm.

{¶2} On September 30, 2013, appellant was involved in a two-car accident on

Mogadore Road in Brimfield Township, Portage County, Ohio. While travelling south, appellant drove into the northbound lane to pass a semi tractor-trailer. Before completion, he hit a northbound car head-on pushing it off the side of the road.

{¶3} A mother and her two adult daughters were in the northbound vehicle. The daughter driving suffered broken ribs. The other passengers sustained more serious injuries. Besides fracturing her back, both legs, and each of her ribs, the mother suffered a stroke leaving her unable to care for herself. The injuries to the passenger daughter were so severe that she was unable to care for her newborn child for a year.

{¶4} Appellant also suffered serious injuries and was immediately transported to the Akron General Medical Center for treatment. Since appellant had to be taken into surgery soon after his arrival, no police officer was able to test him for his blood-alcohol concentration. However, hospital personnel performed a blood-alcohol screen as part of his blood work. The results established appellant's blood-alcohol level at more than twice the legal limit.

{¶5} Six months following the accident, the grand jury returned an eight-count indictment against appellant. The indictment sets forth three counts of aggravated vehicular assault and three counts of vehicular assault. The three aggravated vehicular assault counts assert an alcohol specification. The indictment also alleges two separate counts of driving while intoxicated, the first under R.C. 4511.19(A)(1)(a) and the second under R.C. 4511.19(A)(1)(f).

{¶6} One month after arraignment, appellant moved to suppress the results of the blood test performed at the hospital. As one basis for the motion, he maintained that the hospital and its personnel were not properly licensed to conduct the test. At the outset of the motion hearing, the state conceded this point, and the trial court granted

2

the motion to suppress. Consequently, the court also granted the state's motion to dismiss the second driving while intoxicated charge under R.C. 4511.19(A)(1)(f). However, the state gave the defense notice that it intended to introduce the blood test results at trial, along with accompanying expert testimony so the trier of fact could consider the results in regard to the sole remaining charge of driving while intoxicated and alcohol specifications.

{¶7} Over the next nine months, appellant filed two motions in limine, seeking an order prohibiting the state from referencing his blood test results at trial. Both motions assert inadmissibility in light of the trial court's suppression decision. Appellant further contended that, since the blood test was not performed in compliance with the Ohio Administrative Code, the results were unreliable and the state's proposed expert could not remedy this problem. In response, the state asserted that the test results and expert testimony were admissible under R.C. 4511.19(D)(1)(a). The trial court denied both motions in limine.

{¶8} Following the denial of the second motion, appellant pleaded no contest to all remaining charges. Thereafter, the trial court found him guilty of all seven charges. After the presentencing investigation report was completed, a sentencing hearing was held. Two of the crash victims provided impact statements. The trial court merged the vehicular assault counts with three accompanying aggravated vehicular assault counts, and imposed a thirty-six month prison term on each, consecutively for an aggregate term of nine years. For the separate count of driving while intoxicated, a concurrent ten-day term was imposed.

{¶9} Appellant appeals, assigning the following as error:

{¶10} "[1.] The trial court erred when it effectively denied Mr. Guth's motion to

3

suppress by denying Mr. Guth's motion in limine and ruling that the previously suppressed blood test results would be admissible.

{¶11} "[2.] The trial court's imposition of consecutive sentences was contrary to law."

{¶12} Under his first assignment, appellant contends that his motions in limine should have been granted based on the trial court's suppression ruling. In response, the state submits appellant's no contest plea bars review.

{¶13} "It is well-settled under Ohio law that the initial ruling of the trial court before granting a motion in limine is not a final appealable order because such order does not determine the ultimate admissibility of the evidence. *State v. Armstrong*, 11th Dist. Nos 2001-T-0120 and 2002-T-0071, 2004-Ohio-5634, at ¶43. Thus, 'at trial it is incumbent upon a defendant, who has been temporarily restricted from introducing evidence by virtue of a motion *in limine*, to seek the introduction of the evidence by proffer or otherwise in order to enable the court to make a final determination as to its admissibility and to preserve any objection on the record for purposes of appeal.' *State v. Grubb* (1986), 28 Ohio St.3d 199, 28 Ohio B. 285, 503 N.E.2d 142, paragraph two of the syllabus.

{¶14} "The *Grubb* court further noted that 'a motion *in limine*, if granted, is a tentative, interlocutory, precautionary ruling by the trial court reflecting its anticipatory treatment of the evidentiary issue. In virtually all circumstances finality does not attach when the motion is granted. Therefore, should circumstances subsequently develop at trial, the trial court is certainly at liberty "(***) to consider the admissibility of the disputed evidence in its actual context." *State v. White* (1982), 6 Ohio App.3d 1, at 4, 6 Ohio B. 23, 451 N.E.2d 533.' *Grubb* at 201-202." *State v. Wojtkiewicz*, 11th Dist. Portage No.

4

2005-P-0098, 2006-Ohio-6094, ¶19-20.

{¶15} Although the foregoing quote refers to the granting of the motion in limine prior to trial, this court has applied the identical legal analysis to the pretrial denial of a defendant's motion in limine. *See State v. Delarosa*, 11th Dist. Portage No. 2003-P-0129, 2005-Ohio-3399, ¶62. That is, a trial court's pretrial denial of a motion in limine is reviewable, and a defendant must raise his objection again during the trial in order to correctly preserve the issue for appeal. Given this, a no contest plea bars appellate review.

{¶16} Under his second assignment, appellant raises two sentencing challenges. First, he argues that the information before the trial court at sentencing hearing was insufficient to warrant consecutive sentences.

{¶17} Our consideration of a felony sentence begins with R.C. 2953.08(G)(2). *State v. Grega*, 11th Dist. Ashtabula No. 2014-A-0002, 2014-Ohio-5179, ¶10. That provision states:

{¶18} "The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

{¶19} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

{¶20} "(a) That the record does not support the sentencing court's findings under

5

division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

**{¶21}** "(b) That the sentence is otherwise contrary to law."

**{¶22}** The imposition of consecutive prison terms for multiple felony offenses is governed by R.C. 2929.14(C)(4), one of the five statutory provisions referenced in R.C. 2953.08(G)(2)(a). Accordingly, a trial court's imposition of consecutive terms will be affirmed unless this court clearly and convincingly finds that the record fails to support the trial court's findings under R.C. 2929.14(C)(4).

**{¶23}** "It is important to note 'that the clear and convincing standard used by R.C. 2953.08(G)(2) is written in the negative. It does not say that the trial judge must have clear and convincing evidence to support its findings. Instead, it is the court of appeals that must clearly and convincingly find that the record does not support the court's findings.' [*State v.*] *Venes*, 2013-Ohio-1891, 992 N.E.2d 453, at ¶21. 'In other words, the restriction is on the appellate court, not the trial judge. This is an extremely deferential standard of review.' *Id.*" *State v. Rodeffer*, 2nd Dist. Montgomery Nos. 25574, 25575, and 25576, 2013-Ohio-5759, ¶31.

**{¶24}** Pursuant to R.C. 2929.14(C)(4), a trial court "may" sentence the offender to consecutive prison terms if it finds that: (1) such terms are "necessary to protect the public from future crime or to punish the offender"; (2) such terms "are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public"; and (3) one of three enumerated alternatives exist. As to the third required finding, the trial court in our case found that the last of the three listed alternatives, as stated in R.C. 2929.14(C)(4)(c), was applicable:

**{¶25}** "(c) The offender's history of criminal conduct demonstrates that

6

consecutive sentences are necessary to protect the public from future crime by the offender."

{¶26} In contesting the trial court's finding on this point, appellant claims there was nothing before the court showing that he had a history of criminal conduct. However, the presentence investigation report shows that appellant had four prior criminal convictions as an adult and one as a juvenile. His adult record included one third-degree felony for possession of a drug manufacturing chemical, one first-degree misdemeanor for assault, and two separate misdemeanors for disorderly conduct involving alcohol. This list is readily sufficient to support the trial court's finding that the nature of appellant's criminal history is such that the imposition of consecutive sentences is needed to protect society from future crimes. Therefore, appellant's first challenge to the propriety of his sentence is not well-taken.

{¶27} Under his second challenge, appellant argues that his nine-year sentence cannot stand because the record does not establish that the trial court considered the purposes and principles of felony sentencing, as delineated in R.C. 2929.11, and the sentencing factors for seriousness and recidivism, as stated in R.C. 2929.12.

{¶28} In its final sentencing judgment, the trial court expressly stated that it had considered the statutory purposes of felony sentencing prior to making its decision. As to the consideration of the sentencing factors under R.C. 2929.12, this court has noted recently:

{¶29} "The Ohio Supreme Court has held that '[a] silent record raises the presumption that a trial court considered the factors contained in R.C. 2929.12.' *State v. Adams*, 37 Ohio St.3d 295, 525 N.E.2d 1361 (1988), paragraph three of the syllabus; *State v. Greitzer*, 11th Dist. Portage No. 2006-P-0090, 2007-Ohio-6721, ¶28. The

7

defendant has the burden to present evidence to rebut the presumption that the court considered the sentencing criteria. *State v. Cyrus*, 63 Ohio St.3d 164, 166, 586 N.E.2d 94 (1992). Further, in order to rebut this presumption, 'a defendant must either affirmatively show that that the court failed to [consider the statutory factors], or that the sentence the court imposed is "strikingly inconsistent" with the statutory factors as they apply to his case.' [*State v. Bigley*, 9th Dist. Medina No. 08CA0085, 2009-Ohio-2943], at ¶14, quoting *State v. Rutherford*, 2d Dist. Champaign No. 08CA11, 2009-Ohio-2071, ¶34." *State v. Williams*, 11th Dist. Lake No. 2014-L-105, 2015-Ohio-5335, ¶20.

{¶30} In this case, there is nothing in the record to show that the trial court did not consider the sentencing factors under R.C. 2929.12. Appellant has not raised any type of argument on that point. Furthermore, the thirty-six month sentence on each of the aggravated vehicular assault counts is not so strikingly inconsistent with the statutory factors that the sentence is contrary to law. Any remorse exhibited by appellant was readily outweighed by the seriousness of the offenses.

{¶31} As appellant has failed to demonstrate any error in the trial court's sentencing analysis, his second assignment lacks merit.

{¶32} The judgment of the Portage County Court of Common Pleas is affirmed.


TIMOTHY P. CANNON, J.,

COLLEEN MARY O'TOOLE, J.,

concur.