[Cite as *State v. Lucas*, 2017-Ohio-429.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| | | **CASE NO. 2016-L-063** |
| - vs - | : | |
| JOSHUA D. LUCAS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas.
Case No. 2016 CR 000240.

Judgment: Affirmed.


*Charles E. Coulson*, Lake County Prosecutor, and *Teri R. Daniel*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Richard P. Morrison*, 30601 Euclid Avenue, Wickliffe, OH 44092 (For Defendant-Appellant).


TIMOTHY P. CANNON, J.

{¶1}   Appellant, Joshua D. Lucas, appeals his sentence from the Lake County Court of Common Pleas, following his guilty plea to two counts of Attempted Aggravated Trafficking in Drugs, felonies of the fifth degree, in violation of R.C. 2923.02 and R.C. 2925.03(A)(1) (Counts 1 and 2) with an accompanying forfeiture specification on each count as set forth in R.C. 2941.1417, and one count of Possession of Drugs, a felony of

the fifth degree, in violation of R.C. 2925.11 (Count 3) with two accompanying forfeiture specifications as set forth in R.C. 2941.17.

{¶2} On January 27, 2016, the Lake County Narcotics Agency and the Eastlake Police Department began an investigation of appellant using a confidential informant ("CI"). On January 27, January 29, and February 18, 2016, the CI arranged, through text message with appellant, the purchase of Oxycodone tablets from appellant. On each occasion the CI went to the apartment where appellant lived, appellant allowed the CI to enter the apartment, and the CI purchased, with $160.00 in prerecorded funds, four tablets of Oxycodone from appellant. The CI then returned the Oxycodone tablets to law enforcement, and the Lake County Crime Lab confirmed the tablets to be Oxycodone. On one occasion, the CI observed appellant retrieve four Oxycodone tablets from a safe in which the CI saw additional Oxycodone tablets.

{¶3} Based on the foregoing investigation, a search warrant was obtained and executed on February 22, 2016, at the apartment where appellant resided. Officers found the cell phone appellant used to communicate with the CI. Appellant gave officers the combination to the safe from which the CI had observed appellant retrieve Oxycodone tablets. Upon opening the safe, officers found suspected marijuana, $2,843.00 in cash, and a Suboxone strip. Appellant indicated that everything in the safe was his. Officers retrieved $70.00 in cash and suspected heroin from appellant's person, as well as suspected heroin, two digital scales, a smoking pipe, and two jars containing various tablets from the apartment. Appellant was arrested for possession of heroin, a felony of the fifth degree, in violation of R.C. 2925.11(C)(6)(a).

2

{¶4}  On March 1, 2016, appellant was appointed counsel in the Willoughby Municipal Court.  Appellant waived a preliminary hearing and consented to be bound over to the Lake County Grand Jury on the charge of possession of heroin.  On March 25, 2016, appellant waived his right to a speedy trial.  On April 15, 2016, the state charged appellant with two counts of Attempted Aggravated Trafficking in Drugs, with a forfeiture specification accompanying each count, and one count of Possession of Drugs, with two accompanying forfeiture specifications, by way of information.  The state filed an amended information, which revised the citation to R.C. 2925.03 in the original information as the complete citation of R.C. 2925.03(A)(1), on April 21, 2016.  On April 25, 2016, a hearing was held on the amended three-count information.  Appellant waived prosecution by indictment and entered a plea of guilty to the charges in the information.  The matter was referred to the adult probation department for a presentence investigation report and a drug and alcohol evaluation.  Sentencing was set for May 25, 2016.

{¶5}  At the May 25, 2016 sentencing hearing, after stating its finding under R.C. 2929.13(B)(1)(b)(xi) and considering the purposes and principles of felony sentencing in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12, the court sentenced appellant to a prison term of 12 months for each count of Attempted Aggravated Trafficking in Drugs and 12 months for Possession of Drugs, with all sentences to be served consecutive to each other for a total prison term of 36 months. The judgment entry of sentence was entered on May 26, 2016.

{¶6}  Appellant filed a timely notice of appeal.  Appellant asserts the following as his sole assignment of error:

3

**{¶7}** "The trial court erred by sentencing the defendant-appellant to a maximum and consecutive thirty six month prison term."

**{¶8}** Generally, we review the trial court's imposition of sentence under the standard of review set forth in R.C. 2953.08(G)(2). *See State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶22. Pursuant to R.C. 2953.08(G)(2), "an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *Id.* at ¶1, citing R.C. 2953.08(G)(2).

**{¶9}** Here, although present at the sentencing hearing and represented by counsel, appellant failed to make any objection with regard to the trial court's sentencing findings or imposition of sentence. Because appellant failed to make any objections to his sentence at the sentencing hearing, our review is limited to plain error. *State v. Aikens*, 11th Dist. Trumbull No. 2014-T-0124, 2016-Ohio-2795, ¶53 (citation omitted). "Plain error does not exist unless, but for the error, the outcome of the [proceeding] would have been different." *State v. Perry*, 11th Dist. Lake No. 2004-L-077, 2005-Ohio-6894, ¶25 (citation omitted).

**{¶10}** Appellant argues the trial court's findings pertaining to the seriousness and recidivism factors under R.C. 2929.12 were not supported by the record and were contrary to law.

**{¶11}** A court imposing a felony sentence is required to consider seriousness and recidivism factors found in R.C. 2929.12. The trial court, however, "is not required to 'use specific language or make specific findings on the record in order to evince the

4

requisite consideration of the applicable seriousness and recidivism factors (of R.C. 2929.12.)'" *State v. Webb,* 11th Dist. Lake No. 2003-L-078, 2004-Ohio-4198, ¶10, quoting *State v. Arnett,* 88 Ohio St.3d 208, 215 (2000); *see also State v. O'Neil,* 11th Dist. Portage No. 2010-P-0041, 2011-Ohio-2202, ¶34. Further, the "trial court is not required to give any particular weight or emphasis to a given set of circumstances" when considering the statutory factors. *State v. Delmanzo,* 11th Dist. Lake No. 2007-L-218, 2008-Ohio-5856, ¶23.

**{¶12}** The record reflects that the trial court considered the factors under R.C. 2929.12 at the sentencing hearing and in the sentencing entry. At the sentencing hearing the trial court did not find any factors indicating appellant's conduct is less serious. With regard to the factors indicating appellant's conduct is more serious, the trial court stated, "[y]ou were part of an organized drug trade * * *, you have direct knowledge of others involved in this drug trade, you have direct knowledge that the use of these pills leads to heroin use so you have direct knowledge that other people are becoming hooked as a result of your actions in this organized drug trade." Under the factors indicating recidivism is less likely, the court found appellant does not have a juvenile record; however, under the factors indicating recidivism is likely, the court found appellant committed the offense while on community control, appellant has a long history of criminal convictions, appellant has not responded favorably to previously imposed sanctions, and appellant did not show remorse. The judgment entry of sentence reflects the trial court's findings in stating that the trial court "balanced the seriousness and recidivism factors under 2929.12."

5

**{¶13}** Appellant asserts the trial court "ignored or discounted" factors indicating his conduct was less serious than conduct normally constituting the offense under R.C. 2929.12(C), specifically that under (C)(3) he "did not cause or expect to cause anyone physical or economic harm" in committing the offense. Appellant argues the record indicates he did not cause physical harm to any person in the commission of the offense, but the trial court found at the sentencing hearing that "[u]nder factors indicating the conduct is less serious I don't find any." Although the record does not indicate appellant caused physical or economic harm in committing the offense, the finding of one mitigating factor would not outweigh the substantial aggravating factors noted by the trial court. We cannot determine that the outcome of the proceedings would have been different had the trial court made the finding of this mitigating factor.

**{¶14}** Appellant also argues the trial court failed to recognize he "repeatedly expressed genuine remorse," a factor indicating appellant is not likely to commit future crimes under R.C. 2929.12(E). "[A] reviewing court must defer to the trial court as to whether a defendant's remarks are indicative of genuine remorse because it is in the best position to make that determination." *State v. Dudley*, 11th Dist. Lake No. 2009-L-019, 2009-Ohio-5064, ¶22 (citations omitted). At the sentencing hearing appellant repeatedly asked for a second chance and acknowledged that his "actions were wrong." However, the record also demonstrates appellant did not disclose the names of the persons with whom he was working in the drug trade after the trial court gave him repeated opportunities to do so. The trial court concluded appellant did not have any remorse. Nothing in the record causes us to question the trial court's determination with regard to appellant's remorse.

{¶15} The record demonstrates that the trial court considered the factors under R.C. 2929.12. Therefore, we find no plain error.

{¶16} Appellant's sole assignment of error is without merit. For the foregoing reasons, the judgment of the Lake County Court of Common Pleas is affirmed.


DIANE V.GRENDELL, J., concurs,

COLLEEN MARY O'TOOLE, J., dissents.