[Cite as *State v. Moss*, 2017-Ohio-4233.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2016-A-0046** |
| REJEANA MOSS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula County Court of Common Pleas, Case No. 2015 CR 136.

Judgment: Affirmed.

*Nicholas A. Iarocci*, Ashtabula County Prosecutor, and *Shelley M. Pratt*, Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047-1092 (For Plaintiff-Appellee).

*Matthew C. Bangerter*, P.O. Box 148, Mentor, OH 44061 (For Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} Appellant, Rejeana Moss, appeals the trial court's imposition of a ten-year prison term on five third-degree felonies as excessive. She contends that the term must be reduced because the trial court did not consider statutory sentencing factors favorable to her. We affirm.

{¶2} During the relevant time period, appellant and her husband, co-defendant David Moss, lived in a single-family dwelling in Dorset Township, Ashtabula County,

Ohio. In July 2001, the couple became foster parents to R.M. Two years later, they adopted him. R.M. continued to reside with the Mosses until he turned eighteen years old in November 2009.

{¶3} In 2003, the couple became foster parents to three other children, R.D.M., A.E.M., and S.J.M, all biologically related. The oldest of the three, R.D.M. a ten-year-old boy, is developmentally disabled. The other two, both girls, were six and three when they first started living with the Mosses. Like R.M., the Mosses adopted these children.

{¶4} Initially, the three related children attended public schools. At some point prior to 2011, though, the Mosses withdrew the children from public schools and educated them at home.

{¶5} On August 26, 2013, the two girls surreptitiously left the home and took the Mosses' vehicle without their knowledge. Neither child had a driver's license and they were quickly involved in a minor traffic accident. The girls were charged with unauthorized use of a motor vehicle in juvenile court. As part of the accident investigation, the girls made statements to authorities concerning how they were treated by the Mosses. The statements led to a separate investigation into the condition of the Mosses' residence by the county sheriff's department and children's services. After investigation, the authorities removed all three of the related children from the Mosses' custody.

{¶6} The investigation revealed that the three children were primarily living in two bedrooms, the girls in one and the boy in the other. Each bedroom had a padlock allowing the children to be locked inside. The windows in the girls' bedroom were covered with plywood, and the curtains over the only window in the boy's bedroom were

stapled to the woodwork. The children could not look out their windows and could not leave their rooms unless someone unlocked the doors. Furthermore, the only furniture was one bed for each child. All other bedroom furniture and the children's clothes were in the hallway outside the bedrooms. In addition, the girls' bedroom had two buckets and toilet paper, while the boy's bedroom contained a metal can.

{¶7} According to the girls, during the two-year period from 2011 through their removal from the Mosses' home, all three children were locked in their bedrooms for at least twenty hours every day. While inside the bedrooms, they were not allowed to have anything, including reading material, and wore only minimal clothing, such as underwear. The children were permitted to leave their bedrooms three to four times a day to eat or use the bathroom.

{¶8} The children were regularly subjected to corporal punishment, usually by means of a homemade paddle. The punishment was normally meted out by David Moss for errors in the children's homework. According to the girls, the paddle was used so often and harshly that it had red blood stains. Each girl asserted that appellant physically abused her on multiple occasions. According to A.E.M. appellant once choked her and hit her head so hard against the wall that her teeth split her lip.

{¶9} Eighteen months after removal of the three children, the county grand jury issued a nine-count indictment against appellant, charging her with three counts of endangering children, three counts of kidnapping, and three counts of felonious assault. Three months later, the grand jury returned a second indictment, charging her with one additional count of each offense.

{¶10} Appellant ultimately pleaded guilty to four counts of endangering children,

3

third-degree felonies under R.C. 2919.22(B)(2), and one amended count of attempted felony assault, a third-degree felony under R.C. 2923.02(A) and 2903.11(A)(1). The state dismissed the remaining seven charges. The trial court found appellant guilty on all five counts and referred the matter to the adult probation department for presentence investigation.

{¶11} At sentencing, appellant's counsel requested community control sanctions. In support, counsel stated that appellant believed she had acted appropriately in disciplining the four children the majority of the time, and there had only been a few occasions when the discipline was too severe. Counsel also provided explanations for the condition of the children's bedrooms. In speaking on her own behalf, appellant said she had a "heavy heart" for what had taken place, but also asserted that the three "related" children had special needs/disabilities that made taking care of them more difficult. In response, the state read into the record statements from R.M. and two girls.

{¶12} In imposing sentence, the trial court noted that there were multiple victims, that each victim was under the age of eighteen when the crimes occurred, and that one of the victims was developmentally disabled. The court further noted that the victims suffered both physical and psychological harm, and that appellant and her husband subjected them to prolonged periods of "reckless torture" through the use of excessive punishment and restraint. Accordingly, the trial court imposed a twenty-four month prison term on each of the five charges, consecutively, for an aggregate term of ten years.

{¶13} Appellant assigns the following as error:

4

**{¶14}** "The trial court erred by sentencing the defendant-appellant to a term of imprisonment contrary to statute and where its findings were not supported by the record."

**{¶15}** Appellant maintains the trial court erred in failing to consider favorable sentencing factors. Specifically, she claims the court ignored factors under R.C. 2929.12(C) and (E) that tended to establish the crimes she committed were not the most serious form of endangering children and she was highly unlikely to commit any additional offenses in the future. Appellant argues the trial court should have given more weight to the part that the three "related" children had special needs and were difficult to control.

**{¶16}** Appellate review of felony sentences is governed by the standard in R.C. 2953.08(G)(2). *State v. Lucas*, 11th Dist. Lake No. 2016-L-063, 2017-Ohio-429, ¶8, citing *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶22. The relevant part of the statute provides:

**{¶17}** "The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

**{¶18}** "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

5

**{¶19}** "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

**{¶20}** "(b) That the sentence is otherwise contrary to law."

**{¶21}** Thus, as an appellate court, we must affirm the felony sentence imposed by the trial court unless we determine by clear and convincing evidence that the trial court's findings are not supported by the record or that the sentence otherwise conflicts with the governing law. *Lucas*, 2017-Ohio-429, at ¶8.

**{¶22}** "'It is important to note "that the clear and convincing standard used by R.C. 2953.08(G)(2) is written in the negative. It does not say that the trial court must have clear and convincing evidence to support its findings. Instead, it is the court of appeals that must clearly and convincingly find that the record does not support the court's findings." [*State v.*] *Venes*, 2013-Ohio-1891, 992 N.E.2d 453, at ¶21. "In other words, the restriction is on the appellate court, not the trial judge. This is an extremely deferential standard of review." *Id.*' *State v. Rodeffer*, 2nd Dist. Montgomery Nos. 25574, 25575, and 25576, 2013-Ohio-5759, ¶31." *State v. Guth*, 11th Dist. Portage No. 2015-P-0083, 2016-Ohio-8221, ¶23.

**{¶23}** In imposing a felony sentence, the trial court is obligated to consider both the purposes of sentencing under R.C. 2929.11(A) and the factors for seriousness and recidivism under R.C. 2929.12. *State v. Hull*, 11th Dist. Lake No. 2016-L-035, 2017-Ohio-157, ¶18. In fulfilling this duty, though, the court is not required to make specific findings on the record or use any specific language during the sentencing hearing or in the sentencing judgment. *Lucas*, 2017-Ohio-429, at ¶11. Moreover, in weighing the

6

factors, the court has no duty to give particular weight or emphasis to a specific factor under a given set of facts. *Id.*

**{¶24}** Given that the trial court is not obligated to refer to every factor listed in R.C. 2929.12 as part of its sentencing analysis, "the defendant has the burden to affirmatively show that the court did not consider the applicable sentencing criteria or that the sentence imposed is 'strikingly inconsistent' with the applicable sentencing factors." *Hull*, at ¶18, citing *State v. Long*, 2014-Ohio-4416, 19 N.E.3d 981, ¶79.

**{¶25}** During the sentencing hearing, the trial court expressly stated that, in determining the length of appellant's sentence, it considered the purposes and principles of felony sentencing, as set forth in R.C. 2929.11, and the seriousness and recidivism factors, as delineated in R.C. 2929.12. Notwithstanding this, appellant states that the record supports the conclusion that the seriousness and recidivism factors were not considered because the trial court did not discuss favorable factors. However, the sentencing transcript does not support her assertion. Although the trial court did not reference any factors under R.C. 2929.12(C) that tend to show that appellant's conduct was less serious than the conduct that forms the basis for her crimes, it did cite three factors under R.C. 2929.12(E) that tend to show that she is not likely to commit future crimes. Specifically, the trial court noted that appellant had no prior criminal record as an adult or a juvenile, led a law-abiding life for many years, and expressed remorse for the harm caused.

**{¶26}** In regard to seriousness, appellant refers to four favorable statutory factors: (1) whether the victims induced the crimes; (2) whether the offender acted under strong provocation; (3) whether the offender caused actual physical harm; and (4)

7

whether there was a substantial basis to mitigate the offender's actions. *See* R.C. 2929.12(C)(1)-(4). Given the prosecutor's description as to the manner in which the four children were treated, the trial court could justifiably find that none of the four factors apply. As to the "physical harm" factor, the prosecutor read statements from A.E.M. and S.J.M., in which they both refer to being hit by appellant. As noted above, A.E.M. stated that appellant not only choked her on one occasion, but also hit her so hard that her tooth went through her lip.

{¶27} In relation to whether she acted under a strong provocation and whether a substantial mitigating factor existed, appellant asserts that the three related children had special needs which made constant supervision necessary. She emphasizes that when she and her husband first agreed to take the three children in, they were not told the children had special needs and were not given any instruction on how to take care of them.

{¶28} First, there is nothing in the record showing that any of the three children provoked appellant. In the absence of such a showing, the amount of corporeal punishment imposed upon the children cannot be justified under any circumstances. Moreover, the two girls stated that the primary cause for the physical punishment was mistakes in their homework. Second, even if the children did need constant supervision, this would not warrant keeping them locked up inside their bedrooms for twenty hours each day. Forcing a child to stay in one room the majority of a day with nothing to do can only be characterized as inhumane. Third, if appellant and her husband became incapable of providing proper care, they should have contacted the authorities who gave them the children in 2003. The child's special needs cannot be

8

invoked as a mitigating factor.

{¶29} Although the trial court did not reference every factor under R.C. 2929.12, appellant has failed to point to any statement affirmatively showing that the relevant sentencing factors were not considered. Furthermore, the record does not support the conclusion that the aggregate ten-year term is "strikingly inconsistent" with the applicable sentencing factors. Even though there are some factors indicating that appellant is unlikely to commit future criminal acts, this is clearly outweighed by the seriousness of the four crimes she committed. As the trial court aptly stated, the victims were recklessly abused in a cruel manner over a prolonged period of time.

{¶30} Appellant has failed to clearly and convincingly show that the trial court failed to consider the principles of felony sentencing, or that the aggregate ten-year sentence is otherwise contrary to law.

{¶31} The judgment of the Ashtabula County Court of Common Pleas is affirmed.

DIANE V. GRENDELL, J.,

TIMOTHY P. CANNON, J.,

concur.

9