OPINION
{¶ 1} Defendant, Eric D. Bryant, entered guilty pleas to two offenses: Gross Sexual Imposition, R.C. 2907.05, a third degree felony; and Unlawful Sexual Conduct with a minor, R.C. 2907.04, a fourth degree felony. The victims of the offenses were Defendant's two younger sisters. The trial court imposed the maximum available terms of incarceration for the two *Page 2 
offenses, five years and eighteen months, respectively, to be served consecutively. Defendant filed a timely notice of appeal.
ASSIGNMENT OF ERROR
 {¶ 2} "THE TRIAL COURT ERRED IN SENTENCING MR. BRYANT TO THE MAXIMUM PRISON TERMS FOR HIS OFFENSE AS SUCH PRISON TERMS ARE NOT SUPPORTED BY THE EVIDENCE IN THE RECORD. [O.R.C. § 2929.14]"
 {¶ 3} Defendant's sentences were imposed in a hearing held on January 30, 2006. Defendant was a first offender, and the court made the several findings required by R.C. 2929.14 for the maximum sentences it imposed. The court journalized its judgment of conviction and sentence on February 2, 2006.
 {¶ 4} On February 27, 2006, the Supreme Court issued its decision inState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856,[1] holding that the findings for maximum sentences required of the court by R.C. 2929.14
violate the rule of law announced in Blakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403, being violations of a defendant's Sixth Amendment right to trial by jury unless the matters involved *Page 3 
are proved to a jury beyond a reasonable doubt or admitted by the defendant. Foster also severed the unconstitutional statutory findings requirements, stating that, as a result, "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than minimum sentences."Foster, 109 Ohio St.3d 1, 2006-Ohio-856, at ¶ 100.
 {¶ 5} The appellate jurisdiction of the courts of appeals is determined by statute. Section 3(B)(2), Article IV, Ohio Constitution. R.C. 2953.08(A)(1) provides that "[i]n addition to any other right of appeal," a defendant may appeal maximum sentences imposed pursuant to R.C. 2929.14(C). Defendant's claim that his maximum sentences are unjust because they are excessive invokes the particular right of appeal that R.C. 2953.08(A)(1) creates.
 {¶ 6} R.C. 2953.08(G)(2) provides:
 {¶ 7} "The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
 {¶ 8} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this *Page 4 
section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
 {¶ 9} "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (D)(2)(e) or (E)(4) of section 2929.14, or division (H) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
 {¶ 10} "(b) That the sentence is otherwise contrary to law."
 {¶ 11} Foster did not likewise sever any of the provisions in R.C. 2953.08(G) or find them unconstitutional. However, in consequence of its severance of the findings requirements imposed by the sentencing statutes, Foster notes that "[t]he appellate statute R.C. 2953.08(G), insofar as it refers to the severed sections, no longer applies."Foster, 109 Ohio St.3d 1, 2006-Ohio-856, at ¶ 99.
 {¶ 12} Defendant argues that the evidence does not support the findings the court made pursuant to R.C. 2929.14 in order to impose maximum sentences. Those contentions implicate the *Page 5 
right of review created by R.C. 2953.08(G)(2)(a), which no longer applies. Foster. After Foster, we may order the relief R.C. 2953.08(G) authorizes if we find that a sentence is "contrary to law." R.C. 2953.08(G)(2)(b).
 {¶ 13} A sentence is not contrary to law if it is within the available range of sentences in R.C. 2929.14(A)(1)-(5) for the particular offense and comports with the purposes and principles of sentencing in R.C. 2929.11 and the relevant seriousness and recidivism factor in R.C. 2929.12. A claim that a sentence does not comport with R.C. 2929.11 or2929.12 is reviewed on the abuse of discretion standard. State v.Slone, Greene App. Nos. 2005CA79, 2006CA75, 2007-Ohio-130.
 {¶ 14} "`Abuse of discretion' has been defined as an attitude that is unreasonable, arbitrary or unconscionable. Huffman v. Hair Surgeon,Inc. (1985), 19 Ohio St.3d 83, 87, 19 OBR 123, 126, 482 N.E.2d 1248. It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary.
 {¶ 15} "A decision is unreasonable if there is no sound reasoning process that would support that decision. It is not enough that the reviewing court, were it deciding the issue de novo, would not have found that reasoning process to be *Page 6 
persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result." AAAA Enterprises, Inc. v. River PlaceCommunity Redevelopment (1990), 50 Ohio St.3d 157, 161.
 {¶ 16} R.C. 2929.12(E)(2) provides: "The sentencing court shall consider . . . as factors indicating that the offender is not likely to commit future crimes" that "[p]rior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense." Defendant has no prior convictions or guilty pleas, a fact to which the prosecutor referred at the sentencing hearing. (T. 7). The prosecutor also pointed to other facts that make the offenses more serious, though he did not recommend maximum sentences.
 {¶ 17} After reviewing factors that it found make Defendant's offenses more serious, the court stated:
 {¶ 18} "I don't find any factors that would make it less serious; andunder the recidivism factors even though you have no prior delinquencyadjudications or prior convictions, I don't find that to berelevant because we all know that you've been molesting these girls for long periods of time. It's only now that you've been caught and brought to justice for them." (T. 13, Emphasis supplied).
 {¶ 19} In State v. Mathis, 109 Ohio St.3d 54, 2006-Ohio- *Page 7 
855, at ¶ 38, the Supreme Court stated:
 {¶ 20} "Although after Foster the trial court is no longer compelled to make findings and give reasons at the sentencing hearing because R.C. 2929.19(B)(2) has been excised, nevertheless, in exercising its discretion, the court must carefully consider the statutes that apply to every felony case. Those include R.C. 2929.11, which specifies the purposes of sentencing, and R.C. 2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender. In addition, the sentencing court must be guided by statutes that are specific to the case itself."
 {¶ 21} R.C. 2929.12(E)(2) mandates the court's consideration of a defendant's lack of a record of prior convictions. ("The sentencing court shall consider . . ."). The court cannot comply with that mandate, much less give that factor the "careful" consideration Mathis requires, and at the same time find the lack of a prior record "irrelevant," as the court did here. Foster did not relieve courts of their basic obligation to follow and apply the law.
 {¶ 22} Nevertheless, we believe that the court's statement, while misplaced, is an error which, on the record as a whole, did not affect the Defendant's substantial rights, and is *Page 8 
therefore harmless. Crim. R. 52(A).
 {¶ 23} The court identified facts that demonstrate a risk of recidivism, including the fact that molestation occurred over a period of years and was practiced on one of Defendant's sisters when the other was not available. Such matters reasonably support a finding that the offender is likely to commit future crimes, R.C. 2929.12(D), justifying a sentence that will incapacitate the offender and protect the public from future crimes. R.C. 2929.11(A). Other facts the court identified, including psychological harm the victims suffered, demonstrate the seriousness of the offenses and their impact on the victim, which reasonably might be demeaned were lesser sentences imposed. Id.
Therefore, though the court committed an error of law, R.C. 2953.08(G)(2)(b), the error was harmless.
 {¶ 24} The assignment of error is overruled. The judgment of the trial court will be affirmed.
WOLFF, P.J. And FAIN, J., concur.
[1] Counsel will note that the proper form of citation prescribed by the Supreme Court includes both the Ohio State Reporter and the Supreme Court website reference. Use of but one without the other is improper. *Page 1