OPINION
{¶ 1} This matter is before the Court on the Notice of Appeal of Jamichael D. Lynn, filed April 2, 2007. Lynn pled guilty to one count of rape of a child under the age of 13, in violation of R.C. 2907.02(A)(1)(b), a felony of the first degree, pursuant to a plea bargain with the State. The victim is Lynn's sister. As part of the plea agreement, the State and Lynn agreed that Lynn would be sentenced within a range of three to five years, and the trial court imposed a *Page 2 
sentence of five years. On February 27, 2007, Lynn was re-sentenced, following remand pursuant to State v. Foster, 109 Ohio St.3d 1, 845
N.E.2d 470, 2006-Ohio-856, to a term of five years. "Foster established a bright-line rule that any pre-Foster sentence to which the statutorily required findings of fact applied (i.e. more-than-minimum, maximum, and consecutive sentences), pending on direct review at the time thatFoster was decided, must be reversed, and the cause remanded for re-sentencing in accordance with Foster, if the sentence is a subject of the appeal." State v. Logsdon, Clark App. No. 2005-CA-66,2006-Ohio-6833.
 {¶ 2} Lynn asserts two assignments of error. His first assignment of error is as follows:
 {¶ 3} "THE TRIAL COURT FAILED TO FOLLOW THE REQUIREMENTS OF O.R.C. 2929.11(B), APPELLANT'S SENTENCE IS INCONSISTENT WITH SENTENCES OF SIMILAR OFFENDERS, AND A LESSER SENTENCE IS COMMENSURATE WITH AND WOULD NOT DEMEAN THE SERIOUSNESS OF THE OFFENSE AND IMPACT ON THE VICTIM"
 {¶ 4} In resentencing Lynn, the court merely noted that the matter was before it pursuant to Foster, and it stated, "The original sentence then of a term of five years of confinement at the Ohio Department of Rehabilitation and Correction is placed back into effect."
 {¶ 5} According to Lynn, the "record is devoid of any indication that the sentence was commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, or that it was consistent with sentences imposed for similar crimes committed by similar offenders. It remains impossible to determine if the sentence imposed complies with the requirements of O.R.C. 2929.11(B)."
 {¶ 6} "[T]rial courts have full discretion to impose a prison sentence within the *Page 3 
statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than minimum sentences." Foster, at 30. "`Although after Foster the trial court is no longer compelled to make findings and give reasons at the sentencing hearing because R.C. 2929.19(B)(2) has been excised, nevertheless, in exercising its discretion, the court must carefully consider the statutes that apply to every felony case. Those include R.C. 2929.11, which specifies the purposes of sentencing, and R.C. 2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender." State v. Bryant, Clark App. No. 2006CA0019, 2008-Ohio-2076.
 {¶ 7} "A claim that a sentence does not comport with R.C. 2929.11 or2929.12 is reviewed on the abuse of discretion standard. (Internal citation omitted).
 {¶ 8} "`Abuse of discretion' has been defined as an attitude that is unreasonable, arbitrary or unconscionable. (Internal citation omitted). It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary." Bryant.
 {¶ 9} There is absolutely no indication in the transcript of Lynn's re-sentencing that the court carefully considered the statutes that apply to every felony case, namely R.C. 2929.11 and 2929.12. Since the re-sentencing court completely failed to elucidate a sound reasoning process supporting its decision, and since Foster did not relieve the court of this requirement, we agree with Lynn that the trial court abused its discretion in re-sentencing him. Lynn's first assignment of error is sustained. The judgment of the re-sentencing court is reversed and the matter is remanded for re-sentencing.
 {¶ 10} Lynn's second assignment of error is as follows:
 {¶ 11} "APPELLANT'S TRIAL COUNSEL'S FAILURE TO OBJECT TO *Page 4 
APPELLANT'S SENTENCE CONSTITED [sic] INEFFECTIVE ASSISTANCE OF COUNSEL."
 {¶ 12} Our resolution of the first assignment of error renders analysis of Lynn's second assignment of error moot.
BROGAN, J., concurs.
FAIN, J., dissents.
Copies mailed to:
Michele D. Phipps
Michael T. Columbus
Hon. Frances McGee