OPINION
{¶ 1} Defendant, Charles Rutherford, appeals from his conviction and sentence for violation of a protection order.
 {¶ 2} Defendant and his former wife, Janice Rutherford, now Janice Cantrell, were divorced in 1994, following a twenty-year marriage. As a result of his unwanted contact *Page 2 
with Cantrell after their divorce, Defendant was convicted of numerous state and federal offenses, including menacing, aggravated menacing, and aggravated menacing by stalking.
 {¶ 3} On April 25, 2007, Cantrell applied for and was subsequently granted a domestic violence civil protection order that prohibited Defendant from abusing Cantrell by various means, including harming, attempting to harm, threatening, stalking, bothering, annoying, or contacting her. The order also prohibits Defendant from encouraging others to do any act prohibited by the order.
 {¶ 4} At some date between November 21 and 28, 2007, Defendant caused a message to be relayed to Cantrell, first by Defendant to his sister and by her to Cantrell through Cantrell's sister. The message was that Defendant would leave Cantrell alone if she paid Defendant five thousand dollars and would vacate the protection order and an order requiring Defendant to pay support for their child.
 {¶ 5} As a result of this communication, Defendant was indicted on one count of violation of a protection order, R.C. 2919.27(A)(1), (B)(3), a felony of the fifth degree. Defendant was found guilty following a jury trial, and the trial court sentenced him to the maximum allowable prison term of twelve months. *Page 3 
 {¶ 6} Defendant appealed to this court from his conviction and sentence.
FIRST ASSIGNMENT OF ERROR
 {¶ 7} "THE STATE FAILED TO PRODUCE SUFFICIENT EVIDENCE TO SATISFY THE CHARGE OF THE INDICTMENT AND APPELLANT'S CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 8} A sufficiency of the evidence argument disputes whether the State has presented adequate evidence on each element of the offense to allow the case to go to the jury or sustain the verdict as a matter of law. State v. Thompkins (1997), 78 Ohio St.3d 380. The proper test to apply to such an inquiry is the one set forth in paragraph two of the syllabus of State v. Jenks (1991), 61 Ohio St.3d 259:
 {¶ 9} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."
 {¶ 10} A weight of the evidence argument challenges the believability of the evidence; which of the competing inferences suggested by the evidence is more believable or *Page 4 
persuasive. Hufnagle, supra. The proper test to apply to that inquiry is the one set forth in State v. Martin (1983), 20 Ohio App.3d 172, 175:
 {¶ 11} "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Accord: State v.Thompkins, supra.
 {¶ 12} Defendant was found guilty of violating a protection order in violation of R.C. 2919.27(A)(1), which provides:
 {¶ 13} "(A) No person shall recklessly violate the terms of any of the following:
 {¶ 14} "(1) A protection order issued or consent agreement approved pursuant to section 2919.26 or 3113.31 of the Revised Code."
 {¶ 15} "Recklessly" is defined in R.C. 2901.22(C):
 {¶ 16} "A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a *Page 5 
known risk that such circumstances are likely to exist."
 {¶ 17} The protection order Cantrell obtained against Defendant provides, in paragraphs one and ten respectively:
 {¶ 18} "1. RESPONDENT SHALL NOT ABUSE the protected persons named in this Order by harming, attempting to harm, threatening, molesting, following, stalking, bothering, harassing, annoying, contacting, or forcing sexual relations on them.
 {¶ 19} "10. RESPONDENT SHALL NOT CAUSE OR ENCOURAGE ANY PERSON to do any act prohibited by this order."
 {¶ 20} Defendant argues that the evidence is insufficient to demonstrate that he abused Cantrell by contacting her because it does not indicate that he told his sister, Patty Scroggs, to contact Cantrell's sister, Jean Jones, and tell her to give Cantrell his message. We disagree.
 {¶ 21} The uncontroverted testimony of Janice Cantrell, Jean Jones and Patty Scroggs demonstrates that between November 21-28, 2007, months after the protection order against Defendant had been entered, Cantrell received a message from her sister, Jean Jones, who was informed of the message by Defendant's sister, Patty Scroggs, who was given the message by Defendant in a phone call from him. Defendant indicated in the message that he wanted five thousand dollars *Page 6 
from Cantrell and for her to drop the protection order and the child support. In return, Defendant would promise to leave Cantrell alone.
 {¶ 22} This evidence, if believed, clearly establishes that Defendant encouraged Scroggs to contact Cantrell and deliver his message to her, and that Scroggs then did that through Jones. Defendant's reference in his message to the protection order establishes that he recklessly disregarded its terms that prohibited him from contacting Cantrell. The credibility of the witnesses and the weight to be given to their testimony were matters for the trier of facts, the jury, to determine.State v. DeHass (1967), 10 Ohio St.2d 230. The jury did not lose its way simply because it chose to believe the State's witnesses, which it had a right to do.
 {¶ 23} The State was not required to show that Defendant intended that Scroggs would deliver the message through Jones. It was only necessary to show that Defendant encouraged Scroggs to engage in conduct prohibited by the protection order, which she did in passing Defendant's message to Cantrell through Jones. That Defendant intended that the message would go to Cantrell may be inferred from the offer the message involved.
 {¶ 24} Viewing the totality of the evidence in a light most *Page 7 
favorable to the State, as we must, we conclude that a rational trier of facts could find all of the essential elements of violation of a protection order proven beyond a reasonable doubt. Defendant's conviction is supported by legally sufficient evidence.
 {¶ 25} Reviewing the record as a whole, we cannot say that the evidence weighs heavily against a conviction, that the jury lost its way in choosing to believe the State's witnesses, or that a manifest miscarriage of justice occurred. Defendant's conviction for violation of a protection order is not against the manifest weight of the evidence.
 {¶ 26} Defendant's first assignment of error is overruled.
SECOND ASSIGNMENT OF ERROR
 {¶ 27} "THE STATE FAILED TO PRESENT EVIDENCE THAT APPELLANT WAS PROPERLY SERVED WITH THE PROTECTION ORDER AND THAT ITS PROVISIONS GOVERNED HIS CONDUCT."
 {¶ 28} Defendant argues that because the State failed to present evidence showing that he was served with a copy of the protection order, he cannot be said to have recklessly violated that order, because under those circumstances he could not disregard a known risk that the protection order likely existed. Defendant's argument, which is not supported by any case authority, ignores the fact that R.C. 2919.27(A) *Page 8 
does not make service of a civil protection order an element of the offense of violation of a civil protection order. Rather, that statute requires the State to prove beyond a reasonable doubt that defendant acted in disregard of a known risk that a protection order likely existed against him. State v. Bunch (Jan. 17, 2001), Summit App. No. 20059. The evidence presented in this case clearly establishes that fact.
 {¶ 29} The message that Defendant transmitted to Cantrell via Scroggs through Jones made express reference to the protection order. From that evidence, a reasonable factfinder could conclude beyond a reasonable doubt that Defendant was aware of the existence of the protection order against him. Defendant could therefore be convicted of violating the terms of that protection order. We further note that in his appellate brief Defendant acknowledges that he was aware that a protection order had been issued against him and that he had knowledge of its prohibitions.
 {¶ 30} Defendant's second assignment of error is overruled.
THIRD ASSIGNMENT OF ERROR
 {¶ 31} "THE TRIAL COURT FAILED TO ADHERE TO THE REQUIREMENTS OF R.C. 2929.11 AND 2929.12."
 {¶ 32} Defendant argues that his sentence is invalid because, on this record, the trial court made no indication *Page 9 
that it had carefully considered the purposes and principles of felony sentencing in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12 when the court imposed a twelve-month maximum sentence. The court is required to consider those matters when it imposes a sentence for a felony offense. State v. Mathis, 109 Ohio St.3d 54, 2006-Ohio-855, at ¶ 38.
 {¶ 33} In imposing the maximum sentence for violation of the protection order, the trial court stated: "Sentencing is 12 months to the Ohio Department of Corrections; fine is $500." The court then went on to explain to Defendant that the problem is his continuing contact with his ex-wife, and that the best thing for him is not to have any contact with her in the future. The twelve month sentence the court imposed, while the maximum allowable for a felony of the fifth degree, is nevertheless within the authorized range of available punishments for fifth degree felonies. R.C. 2929.14(A)(5).
 {¶ 34} If a sentence is within the statutory range for the particular offense, it is presumed that the court considered the relevant statutory sentencing factors. State v. Slone, Greene App. NOS. 2005CA79, 2006CA75,2007-Ohio-130. "A silent record raises the presumption that the trial court considered *Page 10 
the factors contained in R.C. 2929.12." State v. Adams (1988),37 Ohio St.3d 295, at paragraph three of the Syllabus. To rebut the presumption, a defendant must either affirmatively show that the court failed to do so, State v. Crouse (1987), 39 Ohio App.3d 18, or that the sentence the court imposed is "strikingly inconsistent" with the statutory factors as they apply to his case. State v. Garrison (1997), 123 Ohio App.3d 11;State v. Flors (1987), 38 Ohio App.3d 133.
 {¶ 35} The record does not affirmatively demonstrate that the court failed to consider the R.C. 2929.11 and 2929.12 factors, or that the sentence the court imposed is strikingly inconsistent with the factors in R.C. 2929.11 and R.C. 2929.12 as they apply to this case. Defendant does not contend otherwise. Therefore, he has not rebutted the presumption that the court considered those factors on his contention that it did not because the court was silent on the matter.
 {¶ 36} Defendant relies on our decisions in State v. Lynn, Montgomery App. No. 22115, 2008-Ohio-2596, and State v. Bryant, Clark App. No. 2006CA0019, 2008-Ohio-2076. In Bryant, the trial court expressly refused to consider and apply the mitigating factors in R.C. 2929.12(E)(2) regarding the lack of prior offenses. That statement affirmatively demonstrated the failure. In Lynn, on a remand following our reversal of a *Page 11 
prior sentence pursuant to State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, the court's entire sentencing pronouncement was: "The original sentence then of a term of five years confinement at the Ohio Department of Rehabilitation and Correction is placed back into effect."Id. at ¶ 4. The court's failure to conduct an independent consideration of the statutory sentencing factors was affirmatively shown by its adoption of its prior sentencing decision merely by reference.
In the present case the court's statement was characteristically terse, [1] but it does not suffer from the same defect.
 {¶ 37} Defendant's third assignment of error is overruled.
The judgment of the trial court will be affirmed.
DONOVAN, P.J. And WOLFF, J., concur.
(Hon. William H. Wolff, Jr., retired from the Second District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.)
[1] Terse: "devoid of superfluity." Webster's Third New International Dictionary. *Page 1