[Cite as *State v. Moisio*, 2020-Ohio-1321.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2019-A-0072** |
| CHARLES DAVID MOISIO, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula County Court of Common Pleas, Case No. 2018 CR 00567.

Judgment: Affirmed.

*Cecelia M. Cooper*, Ashtabula County Prosecutor, and *Shelley M. Pratt,* Assistant Prosecutor, Ashtabula County Prosecutor's Office, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Phillip L. Heasley,* Ashtabula County Public Defender, Inc., 4817 State Road, Suite 202, Ashtabula, OH 44004 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Charles David Moisio, appeals the August 12, 2019 Judgment of the Ashtabula County Court of Common Pleas, accepting his guilty plea to one count Having Weapons While under Disability and sentencing him to 18 months imprisonment. For the reasons set forth herein, the judgment is affirmed.

{¶2} After an incident in which Mr. Moisio, while intoxicated, waived a shotgun in the air at two alleged trespassers, he was indicted on two counts: Count One, Having

Weapons While Under Disability, along with a forfeiture specification, a felony of the third degree, in violation of R.C. 2923.13(A)(1); and Count Two, Using Weapons While Intoxicated, a misdemeanor in the first degree, in violation of R.C. 2923.15(A).

{¶3} Mr. Moisio pleaded guilty to Count One and the remaining count was dismissed. He further executed a Verdict of Forfeiture agreeing to forfeit firearms seized in this matter. Contrary to a joint recommendation of community control, the court sentenced him to 18 months imprisonment.

{¶4} Mr. Moisio now appeals, assigning one error for our review:

{¶5} The court's sentence must be reversed and remanded as contrary to law.

{¶6} Mr. Moisio argues that the court did not adhere to the requisite sentencing factors of R.C. 2929.11 and R.C. 2929.12, in that it did not consider the punishment purpose in R.C. 2929.11 and did not adequately consider the promotion of the effective rehabilitation of the offender using the minimum sanctions the court determines necessary. In particular, Mr. Moisio argues that the court did not state on the record why prison was necessary and why community control was demeaning to the seriousness of his conduct.

{¶7} "[A]n appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶1.

{¶8} While the trial court was required to consider the factors set forth in R.C. 2929.12, the court is not required to "use specific language or make specific findings on the record in order to evince the requisite consideration of the applicable seriousness and

2

recidivism factors [of R.C. 2929.12]." *State v. Webb*, 11th Dist. Lake No. 2003-L-078, 2004-Ohio-4198, ¶10.

{¶9} "[T]he burden is on the defendant to present evidence to rebut the presumption that the court considered the sentencing criteria." *State v. Long*, 11th Dist. Lake No. 2013-L-102, 2014-Ohio-4416, ¶79. "[I]n order to rebut this presumption, ""a defendant must either affirmatively show that the court failed to [consider the statutory factors], or that the sentence the court imposed is "strikingly inconsistent" with the statutory factors as they apply to his case."" *Id.,* quoting *State v. Bigley*, 9th Dist. Medina No. 08CA0085–M, 2009-Ohio-2943, ¶14, quoting *State v. Rutherford*, 2d Dist. Champaign No. 08CA11, 2009-Ohio-2071, ¶34.

{¶10} The court expressly stated it considered "the purposes and principles of sentencing (R.C. 2929.11) and the sentencing factors [seriousness and recidivism (R.C. 2929.12)]." Mr. Moisio has not presented evidence to affirmatively show the court failed to consider these factors. Further, he has failed to demonstrate the sentence was "strikingly inconsistent" with the statutory factors. The court noted that while this was Mr. Moisio's first felony, he had not been a law-abiding citizen since 2013; he had a prior criminal record, including two OVIs, an instance of domestic violence, which resulted in a weapons forfeiture, and a crime that occurred when using weapons while intoxicated. The court also noted that while he had followed community control in the past, he had been sanctioned multiple times on probation. Accordingly, the court found that "community control would demean the seriousness of the conduct in this case and its impact upon the victim, and would not adequately protect the public. Therefore, a

3

sentence of imprisonment is commensurate with the seriousness of the Defendant's conduct, and would not place an unnecessary burden on the State."

{¶11} As the imposition of an 18-month term of imprisonment is not contrary to law and is reasonable supported by the record, the judgment of the Ashtabula County Court of Common Pleas is affirmed.

THOMAS R. WRIGHT, J.,

MATT LYNCH, J.,

concur.