[Cite as *State v. Hall*, 2023-Ohio-1313.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| STATE OF OHIO | | C.A. No. 22AP0029 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| LEE HALL | | COURT OF COMMON PLEAS COUNTY OF WAYNE, OHIO |
| Appellant | | CASE No. 2021 CRC-I 000463 |

DECISION AND JOURNAL ENTRY

Dated: April 24, 2023

STEVENSON, Judge.

{¶1}  Appellant, Lee Hall, appeals from his sentence in the Wayne County Court of Common Pleas.  We affirm.

I.

{¶2}  Mr. Hall was indicted on two counts of gross sexual imposition in violation of R.C. 2907.05(A)(4), a felony of the third degree. Count one pertained to the victim I.H., and count two was regarding victim S.H.  Initially, Mr. Hall  pleaded not guilty.   He later changed his plea to guilty on an amended count one.  The State dismissed count two.

{¶3}  The court sentenced Mr. Hall to five years in prison, ordered him to register as a Tier II sex offender, and advised him of his mandatory post-release control.  The trial court denied Mr. Hall's request for a stay of the sentence.

{¶4}  Mr. Hall timely appeals his sentence and raises one assignment of error for our review.

II.

**ASSIGNMENT OF ERROR I**

**THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT, LEE HALL, BY SENTENCING HIM TO FIVE (5) YEARS [ ] PRISON AS SAID SENTENCE IS EXCESSIVE AND CONSTITUTES AN ABUSE OF DISCRETION BY THE COURT**

**{¶5}** In his single assignment of error, Mr. Hall argues that his sentence is excessive, contrary to law, and should be overturned. Specifically, he contends that the trial court did not properly consider all the sentencing factors and guidelines under R.C. 2929.11 and 2929.12, and that the overriding purpose of sentencing could have been achieved without imposing the maximum term of incarceration. He requests that this Court remand his case for resentencing. Because the record on appeal is incomplete, we must presume regularity and overrule Mr. Hall's assignment of error.

**{¶6}** The Supreme Court has held that "an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1; R.C. 2953.08(G)(2). "Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 477 (1954).

**{¶7}** "Trial courts have full discretion to impose a prison sentence within the statutory range" and are not "required to make findings or give their reasons for imposing *** more than minimum sentences." *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, paragraph seven of the syllabus. "Nevertheless, 'the court must carefully consider the statutes that apply to every felony case[,]' including 'R.C. 2929.11, which specifies the purposes of sentencing, and R.C. 2929.12,

which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender.'" *State v. Lucas*, 9th Dist. Summit No. 29077, 2019-Ohio-2607, ¶ 13, quoting *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, ¶ 38. "[W]here the trial court does not put on the record its consideration of [Sections] 2929.11 and 2929.12 [of the Ohio Revised Code], it is presumed that the trial court gave proper consideration to those statutes." *State v. Steidl*, 9th Dist. Medina No. 10CA0025-M, 2011-Ohio-2320, ¶ 13, quoting *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, ¶ 18, fn. 4. "Unless the record shows that [a] court failed to consider the factors, or that the sentence is 'strikingly inconsistent' with the factors, the court is presumed to have considered the statutory factors if the sentence is within the statutory range." *State v. Fernandez*, 9th Dist. Medina No. 13CA0054-M, 2014-Ohio-3651, ¶ 8, quoting *State v. Boysel*, 2d Dist. Clark No. 2013-CA-78, 2014-Ohio-1272, ¶ 13, quoting *State v. Rutherford*, 2d Dist. Champaign No. 08-CA-11, 2009-Ohio-2071, ¶ 34.

{¶8} Gross sexual imposition committed in violation of R.C. 2907.05(A)(4) is a felony of the third degree. There is a presumption that a prison term would be imposed for a felony of the third degree. R.C. 2907.05(C)(2). Mr. Hall's sentence falls within the range of options for a violation of R.C. 2907.05(A)(4). *See* R.C. 2929.14(A)(3)(a) (setting forth definite prison terms of twelve, eighteen, twenty-four, thirty, thirty-six, forty-two, forty-eight, fifty four, or sixty months for certain third degree felonies). As noted above, under *Foster*, sentencing within the range is wholly at the discretion of the trial court. *Foster* at paragraph seven of the syllabus. Therefore, Mr. Hall's sentence is not contrary to law as it was squarely within the specified sentencing range.

{¶9} During the sentencing hearing, the trial court heard from the State, the victim's advocate, who read a statement on behalf of the victim's mother, Mr. Hall's counsel, and Mr. Hall himself. The court was presented with information about the serious psychological harm suffered

by I.H., who is Mr. Hall's daughter, and the impact of Mr. Hall's actions on the whole family that required regular Children's Services involvement. The State and Mr. Hall's counsel made numerous references to the contents of the presentence investigation report ("PSI"), specifically as it pertained to Mr. Hall's mental health, history of drug abuse, prior criminal record, and recent efforts to rehabilitate himself through counseling. Both Mr. Hall and his counsel asked the court for leniency, and that Mr. Hall be placed on community control with the opportunity to continue counseling.

{¶10} In its sentencing entry, the trial court specifically stated that it "considered the record, oral statements, any victim impact statement, the presentence report, the purposes and principles of sentencing under R.C. 2929.11, the seriousness and recidivism factors relevant to the offense and offender pursuant to R.C. 2929.12, and the need for deterrence, incapacitation, rehabilitation and restitution." The court's oral statements indicated that it had reviewed the PSI, noting particularly the seriousness of Mr. Hall's issues and his pattern of blaming others rather than taking personal responsibility for his behavior.

{¶11} As noted, the record clearly reflects that the trial court considered the PSI in sentencing Mr. Hall. However, the PSI has not been included in the record for our review. "It is the appellant's responsibility to ensure that the record on appeal contains all matters necessary to allow this Court to resolve the issues on appeal." *State v. Farnsworth*, 9th Dist. Medina No. 15CA0038-M, 2016-Ohio-7919, ¶ 16. *See also* App.R. 9. This includes the PSI where appropriate. *State v. McLeod*, 9th Dist. Summit No. 20757, 2002 WL 388909, *2 (Mar. 13, 2002). "This Court has consistently held that, where the appellant has failed to provide a complete record to facilitate appellate review, we are compelled to presume regularity in the proceedings below and affirm the trial court's judgment." *Farnsworth* at ¶ 16.

{¶12} Because the record before us does not contain the PSI necessary for appellate review, we cannot properly review Mr. Hall's sentence. *See State v. Vasquez*, 9th Dist. Summit No. 29422, 2019-Ohio-5406, ¶ 8. "Without the context the PSI might provide, we cannot conclude that there is clear and convincing evidence in the record the sentence is contrary to law." (Internal citations omitted.) *State v. Elek*, 9th Dist. Summit No. 20CA011611, 2023-Ohio-41, ¶ 37, citing *State v. Davis*, 9th Dist. Summit No. 29824, 2021-Ohio-1796, ¶ 10. We must presume regularity in the proceedings below and affirm. Accordingly, Mr. Hall's assignment of error is overruled.

III.

{¶13} Mr. Hall's assignment of error is overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____

SCOT STEVENSON
FOR THE COURT

SUTTON, P. J.
CARR, J.
CONCUR.

APPEARANCES:

KIMBERLY STOUT-SHERRER, Attorney at Law, for Appellant.

ANGELA WYPASEK, Prosecuting Attorney, for Appellee.