[Cite as *State v. Coleman*, 2023-Ohio-4418.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                           :

    Plaintiff- Appellee,              :

           v.                        :

ERIC COLEMAN,                            :

    Defendant-Appellant.             :

No. 112609

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED AND REMANDED
**RELEASED AND JOURNALIZED:** December 7, 2023

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-21-664639-A, CR-22-668431-A, and
CR-22-672552-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Nora Bryan, Assistant Prosecuting
Attorney, *for appellee.*

Susan J. Moran, *for appellant.*


MICHELLE J. SHEEHAN, J.:

{¶ 1} Defendant-appellant Eric Coleman appeals from his sentences imposed by the trial court in three separate cases. He raises the following assignments of error for our review.

I.    The trial court erred in relying upon prejudicial, irrelevant, and untrue statements while sentencing Mr. Coleman depriving him of his due process rights.

II.   A defendant who is convicted of gross sexual imposition in violation of R.C. 2907.05(A)(4) and who only requires a presumptive prison sentence must be sentenced according to R.C. 2929.14(A)(3)(b).

III.  The trial court erred in not making the necessary findings to impose consecutive sentence in accordance with R.C. 2929.14(C)(4).

{¶ 2} After a review of the record and applicable law, we find no merit to the first two assignments of error. However, we sustain the third assignment of error because the trial court failed to make the requisite statutory findings before imposing consecutive sentences for Coleman's offenses. Coleman's consecutive sentences are reversed, and the matter is remanded to the trial court for further proceedings consistent with this opinion.

**Background**

{¶ 3} Coleman pleaded guilty in three cases. In the first case (Cuyahoga C.P. No. CR-21-664639-A), he pleaded guilty to escape in connection with a prior case where he was convicted of failure to comply. In the second case (Cuyahoga C.P. No. CR-22-668431-A), he pleaded guilty to domestic violence, having weapons while under disability, and other offenses. During an argument with his girlfriend in the presence of their three children, he pushed her, took her cell phone, and threatened to shoot up the house, while carrying a gun in his holster.

**{¶ 4}** In the third case (Cuyahoga C.P. No. CR-22-672552-A), Coleman pleaded guilty to gross sexual imposition ("GSI") in violation of R.C. 2907.05(A)(4), which prohibits sexual contact with a person less than 13 years of age. The offense related an incident where he fondled his 11-year-old biological daughter's breast.

**{¶ 5}** The trial court sentenced Coleman to a prison term of 36 months in the domestic violence case and 60 months in the GSI case, which are to be served consecutively. The court also imposed 12 months in the escape case, concurrent to the prison terms for the other two cases.

**Standard of Review for Felony Sentences**

**{¶ 6}** All three assignments of error presented by Coleman for our review relate to his sentence. We review a challenge to a felony sentence under the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22. Pursuant to R.C. 2953.08(G)(2), we may "increase, reduce, or otherwise modify a sentence or vacate a sentence" and remand for resentencing if we "clearly and convincingly find that the record does not support" certain statutory findings the trial court is required to make, or if the sentence is "otherwise contrary to law." All three assignments of error relate to claims that the trial court's sentence is contrary to law. We address them in turn.

**Prosecutorial Remarks at Sentencing**

**{¶ 7}** Under the first assignment, Coleman argues the trial court erred in relying on prejudicial, irrelevant, and untrue statements while sentencing him,

depriving of him of his due process rights. Coleman's argument concerns certain remarks made by the prosecutor at the sentencing hearing regarding the GSI case.

{¶ 8} In the GSI case, the indictment charges Coleman with two counts of GSI in violation of R.C. 2907.05(A)(4), which prohibits sexual contact with a person younger than 13.[1] Count 1, which Coleman pleaded guilty to, specified that he touched the victim's "breast." Count 2, which was dismissed, specified that he touched the victim's "vagina."

{¶ 9} When summarizing Coleman's GSI case at the sentencing hearing, the prosecutor explained that the offense stemmed from an incident where he touched the breast and vagina of his 11-year-old biological daughter, pulled down his pants, and asked her if she wanted to go somewhere else so he could show her how to "do it." His daughter immediately texted her mother and sister about Coleman's conduct, and she ran into the arms of the police officers when they arrived at Coleman's house soon after. The defense counsel stated that Coleman did not recall the incident well because he was on PCP that night; he was very distressed when he learned of his daughter's statements against him. Counsel also stated that Coleman wanted to address the court and express his remorse. In response to the defense counsel's statements, the prosecutor made the following remarks:

---

[1] R.C. 2907.01(B) defines "sexual contact" as "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person."

The defense counsel is acting as if immediately upon being confronted, he's horrified with what he's done. Well, on a jail call — on multiple calls he says you are not going to find any of my DNA, my daughter's a liar, none of this happened. And then what do you know? Suddenly he wants to take responsibility when the DNA report comes back and his DNA is all over her vaginal swab, her inner thigh, her breasts, her abdomen, her labia, and now he takes responsibility.

You know, [he said] I was molested as a child, I have PTSD, so what am I going to do? I'm going to do it to my 11-year-old daughter.

[Defense Counsel:] Objection. Your honor.

[The Court]: Overruled.

{¶ 10} Coleman points to the trial court's statement that it "considered the statements made here today" before sentencing him as an indication that the trial court improperly considered the DNA report and sentenced him for conduct beyond what he pleaded guilty to (touching the victim's breast). We note that Coleman's claim is not based on the validity of the DNA report; rather, he claims the prosecutor's remarks about the DNA report implied that he touched the victim's vagina and may have ejaculated on or even penetrated the victim's vagina, and the trial court sentenced him to 60 months in consideration of the remarks.

{¶ 11} We first note that the prosecutor, when describing the facts surrounding Coleman's GSI offense, only indicated that Coleman touched the victim's breast and vagina. The DNA report does not indicate Coleman's semen was found in the victim, only that his DNA was found on various parts of the victim's body, consistent with the state's description of the facts. While the prosecutor's reference to the DNA report may have gone beyond the count Coleman pleaded

guilty to (touching the victim's breast), we "'will presume that a trial court considered only the relevant, material, and competent evidence in arriving at its judgment, unless the contrary affirmatively appears from the record.'" *State v. Ford*, 158 Ohio St.3d 139, 2019-Ohio-4539, N.E.3d 616, ¶ 140, quoting *State v. Myers*, 97 Ohio St.3d 335, 2002-Ohio-6658, 780 N.E.2d 186, ¶ 131. *See also State v. Robinson*, 8th Dist. Cuyahoga No. 110467, 2022-Ohio-1311, ¶ 52 ("[a]ny effect of an improper argument made by the State at sentencing can by cured by the trial court's independent assessment of the sentencing factors").

{¶ 12} Coleman does not refer to anything in the record that would demonstrate the prosecutor's remarks had an impact on his sentence. The transcript reflects that, regarding the GSI case, the trial court stated, "Sexual offense against children are especially shocking and unacceptable and they are especially shocking and unacceptable when those crimes are committed by a parent, a trusted guardian, against a child." There is no indication that the trial court considered or relied on the state's remarks about the DNA report in sentencing Coleman to 60 months for his GSI offense. *See, e.g., State v. Mayle*, 5th Dist. Muskingum No. CT2022-0034, 2023-Ohio-684, ¶ 18 ("[T]he trial court had ample evidence in the record to support its sentence and the record contains nothing that supports a conclusion that the improper comments of the prosecutor had any impact."). Coleman's claim that the trial court relied on the prosecutor's statements in sentencing him to his prejudice is without merit.

**Sentence Range for GSI in Violation of R.C. 2907.05(A)(4) (Victim Under 13)**

{¶ 13} Coleman's second assignment of error concerns his sentence for the GSI offense, a third-degree felony. R.C. 2929.14(A)(3) governs the sentence for a third-degree felony. R.C. 2929.14(A)(3)(a) provides a list of third-degree offenses that are subject to a sentencing range of 12 to 60 months. And, pursuant to R.C. 2929.14(A)(3)(b), third-degree felony offenses not enumerated in division (A)(3)(a) are subject to a sentencing range of eight to 36 months.[2] Because R.C. 2907.05 is one of the enumerated offenses in R.C. 2929.14(A)(3)(a), a conviction for a third-degree felony GSI in violation of R.C. 2907.05(A)(4) subjects the offender to a maximum term up to 60 months pursuant to R.C. 2929.14(A)(3)(a). *See, e.g., State v. Hall*, 9th Dist. Wayne No. 22AP0029, 2023-Ohio-1313, ¶ 8 (Under R.C. 2929.14(A)(3)(a), an offense of R.C. 2907.05(A)(4) is subject to 12 to 60 months.); *State v. Magallanes*, 3d Dist. Seneca No. 13-18-34, 2019-Ohio-1284, ¶ 8 (As a third-degree felony, GSI carries a sanction of 12 to 60 months' imprisonment pursuant R.C. 2907.05(C)(2).).

---

[2] As the Supreme Court of Ohio noted in *State v. Pribble*, 158 Ohio St.3d 490, 2019-Ohio-4808, 145 N.E.3d 259, ¶ 6, the General Assembly amended R.C. 2929.14(A)(3) in 2011 and the amendment enacted substantial changes to Ohio's felony-sentencing scheme. The amended statute divides R.C. 2929.14(A)(3) into subdivisions (a) and (b). Under the amendment, R.C. 2929.14(A)(3)(a) narrows the applicability of third-degree-felony sentences longer than three years and it specifically identifies violations for which a judge may impose prison terms from 12 to 60 months. As amended, R.C. 2929.14(A)(3)(b) limits sentences to three years for third-degree felonies to which division (A)(3)(a) does not apply.

{¶ 14} Despite the unambiguous provision of the statute, under the second assignment of error, Coleman raises a novel argument claiming that he should be sentenced under R.C. 2929.14(A)(3)(b) and only subject to a range of eight to 36 months. Coleman directs us to the provisions of R.C. 2907.05 (C) for his argument.

{¶ 15} R.C. 2907.05(C) sets forth the punishment for GSI and it states, in pertinent part:

> (2) Gross sexual imposition committed in violation of division (A)(4)[victim younger than 13] or (B)[touching the genitalia of victim younger than 12] of this section is a felony of the third degree. Except as otherwise provided in this division, for gross sexual imposition committed in violation of division (A)(4) or (B) of this section *there is a presumption that a prison term shall be imposed for the offense.* The court shall impose on an offender convicted of gross sexual imposition in violation of division (A)(4)or (B) of this section a mandatory prison term, as described in division (C)(3) of this section, for a felony of the third degree if the offender previously was convicted of or pleaded guilty to a violation of this section, rape, the former offense of felonious sexual penetration, or sexual battery, and the victim of the previous offense was less than thirteen years of age.
>
> (3) A mandatory prison term required under division (C)(2) of this section shall be a definite term from the range of prison terms provided in division (A)(3)(a) of section 2929.14 of the Revised Code for a felony of the third degree.

(Emphasis added.)

{¶ 16} Coleman argues that, because a prison term is not mandatory in his case due to the absence of a prior conviction and division (C)(3) provides that a mandatory term under division (C)(2) will have the sentencing range provided in R.C. 2924.14(A)(3)(a)(12 to 60 months), his presumptive prison term should

therefore range from eight to 36 months pursuant to R.C. 2929.14(A)(3)(b). This claim is without merit.

{¶ 17} Unless there is a prior conviction, a GSI offense in violation R.C. 2907.05(A)(4) is not subject to a mandatory sentence. However, pursuant to R.C. 2907.05(C)(2), there is a presumption that prison time will be served for this offense and, "if the presumption is overcome, the trial court may impose a community control sanction." *State v. Scott*, 2020-Ohio-3230, 155 N.E.3d 56, ¶ 56 (12th Dist.), citing R.C. 2929.15, the community-control-sanctions statute.[3] *See also State v. Bennett*, 2019-Ohio-4937, 149 N.E.3d 1045, ¶ 65 (3d Dist.)("Pursuant to R.C. 2907.05(C)(2), a violation of R.C. 2907.05(A)(4) carries a presumption that a prison term should be imposed. Revised Code 2929.14(A)(3)(a) states that the prison term for a violation of R.C. 2907.05 shall be twelve, eighteen, twenty-four, thirty, thirty-six, forty-two, forty-eight, fifty-four, or sixty months.").

{¶ 18} Coleman claims that, because division (C)(3) of R.C. 2907.05 states that an offender subject to a mandatory prison is sentenced pursuant to R.C. 2929.14(A)(3)(a), an offense subject to a presumption of prison term should be sentenced under R.C. 2929.14(A)(3)(b). This argument lacks merit. Division (C)(2) provides that, for an offense in violation of R.C. 2907.05(A)(4), there is a

---

[3] *See also* R.C. 2929.13(D)(1) ("[F]or a violation of division (A)(4) * * * of section 2907.05 of the Revised Code for which a presumption in favor of a prison term is specified as being applicable, it is presumed that a prison term is necessary in order to comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code.").

presumption in favor of a prison term as opposed to community-control sanctions. The provision of division (C)(3) regarding the range of a mandatory sentence has no implication for an offense for which the trial court must impose a prison term rather than community-control sanctions unless the presumption is overcome. The second assignment of error is overruled.

**Consecutive Sentences**

{¶ 19} Under the third assignment of error, Coleman claims that the trial court failed to make the statutory findings pursuant to R.C. 2929.14(C) when imposing consecutive sentences for his offenses. Pursuant to R.C. 2953.08(G)(2), we may increase, reduce, or otherwise modify a sentence or vacate a sentence and remand for resentencing if we clearly and convincingly find that the record does not support the sentencing court's findings under R.C. 2929.14(C)(4), or the sentence is otherwise contrary to law. Accordingly, a consecutive sentence may be challenged in two ways. The defendant can argue that consecutive sentences are contrary to law because the court failed to make the necessary findings required by R.C. 2929.14(C)(4); or, the defendant can argue that the record does not support the findings made under R.C. 2929.14(C)(4). *See e.g.*, *State v. Johnson*, 8th Dist. Cuyahoga No. 102449, 2016-Ohio-1536, ¶ 7. Coleman claims his consecutive sentences are contrary to law because the trial court failed to make the requisite findings.

{¶ 20} The consecutive sentence statute, R.C. 2929.14(C)(4), provides that the trial court can impose consecutive sentences if it finds that consecutive sentences

are "necessary to protect the public from future crime or to punish the offender, that such sentences would not be disproportionate to the seriousness of the conduct and to the danger the offender poses to the public," and that one of the following applies:

(a)    The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b)    At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c)    The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 21}    Here, the only findings regarding R.C. 2929.14(C)(4) that we are able to discern from the record is the following statement found in page 70 of the transcript: "The Court must and has determined that sentences being imposed do not demean the seriousness of the offender and the impact it had on the victims and is consistent with other similar offenses committed by comparable offenders."

{¶ 22}    While the trial court is not required to give a "word for word recitation" of the language of the statute when making the findings for an imposition of consecutive sentences, *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 29, the findings made by the trial court here fall short of what is

mandated by R.C. 2929.14.  Accordingly, the imposition of consecutive sentences in this case is contrary to law. The third assignment of error is sustained.

{¶ 23} "The proper remedy when a trial court imposes consecutive sentences without making the requisite statutory findings is to vacate the sentence and remand the matter to the trial court for the limited purpose of considering whether consecutive sentences are appropriate under R.C. 2929.14(C)(4) and to make the necessary findings." *State v. Tolbert*, 2023-Ohio-532, 209 N.E.3d 170, ¶ 10 (8th Dist.), citing *State v. Vargas*, 8th Dist. Cuyahoga No. 101796, 2015-Ohio-2856, ¶ 15, citing *State v. Nia*, 2014-Ohio-2527, 15 N.E.3d 892, ¶ 28 (8th Dist.).  The trial court is also required to incorporate its findings into its sentencing entry.  *Bonnell* at ¶ 37. We therefore vacate Coleman's sentence and remand the case for the trial court to consider whether consecutive sentences are appropriate under R.C. 2929.14(C)(4) and, if so, to make the required findings on the record and incorporate those findings in the sentencing journal entry.

{¶ 24} Sentence vacated, and case remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, JUDGE

ANITA LASTER MAYS, A.J., and
SEAN C. GALLAGHER, J., CONCUR