[Cite as *State v. Coleman*, 2024-Ohio-5324.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 113692 |
| v. | : | |
| ERIC COLEMAN, | : | |
| Defendant-Appellant. | : | |

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** November 7, 2024

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-21-664639-A, CR-22-668431-A, and CR-22-672552-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Nora Bryan, Assistant Prosecuting Attorney, *for appellee.*

Susan J. Moran, *for appellant.*

KATHLEEN ANN KEOUGH, A.J.:

{¶ 1} Defendant-appellant, Eric Coleman, appeals from the trial court's imposition of consecutive sentences at a resentencing hearing. Finding no merit to the appeal, we affirm.

## I.   Background

{¶ 2}   Coleman pleaded guilty in three cases. *State v. Coleman*, 2023-Ohio-4418, ¶ 3 (8th Dist.) ("*Coleman I*").   In Cuyahoga C.P. No. CR-21-664639-A, he pleaded guilty to escape after he went AWOL from Harbor Light, a halfway house where he had been placed as part of a prison sentence after he was convicted of failure to comply. *Id.*  In Cuyahoga C.P. No. CR-22-668431-A, he pleaded guilty to two counts of domestic violence, three counts of endangering children, and one count of having a weapon while under disability.  This case arose when during an argument with his girlfriend in the presence of their three children, Coleman pushed her, took her cell phone, and threatened to shoot up the house, while carrying a gun in his holster. *Id.*

{¶ 3}   In Cuyahoga C.P. No. CR-22-672552-A, Coleman pleaded guilty to gross sexual imposition ("GSI") in violation of R.C. 2907.05(A)(4), which prohibits sexual contact with a person less than 13 years of age. *Id.*  This offense related to an incident where Coleman fondled his 11-year-daughter's breast. *Id.*

{¶ 4}   The trial court sentenced Coleman to 60 months in prison on the GSI case and 36 months on the domestic violence case, to be served consecutively.  The court also imposed 12 months' incarceration on the escape case, to be served concurrently to the prison terms for the other two cases.

{¶ 5}   Coleman appealed his sentences.  Upon finding that the trial court had not adequately made the findings required under R.C. 2929.14(C)(4) to impose

consecutive sentences, this court vacated Coleman's sentence and remanded for a resentencing hearing. *Coleman I*, 2023-Ohio-4418, at ¶ 22-24 (8th Dist.).

{¶ 6} At resentencing, the trial court again sentenced Coleman to prison terms of 36 months in the domestic violence case (CR-668431) and 60 months in the GSI case (CR-672552), to be served consecutively. The court also sentenced Coleman to 12 months in the escape case, to be served concurrently to the prison terms in the other two cases. This appeal followed.

## II. Law and Analysis

{¶ 7} Under R.C. 2929.14(C)(4), a trial court may impose consecutive sentences if it finds that (1) consecutive sentences are necessary to protect the public from future crime or to punish the offender, (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger he poses to the public, and (3) at least one of the following applies: (a) the offender committed one or more of the multiple offenses while awaiting trial or sentencing, while under a sanction, or while under postrelease control for a prior offense; (b) at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct; or (c) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 8} To challenge consecutive sentences on appeal, a defendant may argue either that (1) the sentence is contrary to law because the trial court did not make the required R.C. 2929.14(C)(4) findings or (2) the trial court's findings are not clearly and convincingly supported by the record. *State v. Hawley*, 2020-Ohio-1270, ¶ 10 (8th Dist.).

{¶ 9} The trial court found that consecutive sentences were necessary to protect the public from future crime by Coleman and to punish him, consecutive sentences were not disproportionate to the seriousness of his conduct and the danger he poses to the public, and his history of criminal conduct demonstrated that consecutive sentences were necessary to protect the public.

{¶ 10} Coleman argues that the trial court's finding that consecutive sentences were not disproportionate to the seriousness of his conduct and the danger he poses to the public is not supported by the record because his conduct in CR-668641, the domestic violence case, was "not serious" because he "only shoved" the victim during the incident and no one was injured.

{¶ 11} Citing *State v. Gwynn*, 2022-Ohio-4607 ("*Gwynn IV*"), Coleman contends that this court is to perform a de novo review of the trial court's consecutive sentences. He also contends that in imposing consecutive sentences, the trial court "must consider the number of consecutive sentences it intends to impose and the aggregate sentence that will result from those consecutive sentences," *id*. at ¶ 13, which he argues the trial court did not do. Accordingly, he asks us to reverse the consecutive sentences and order that his sentences be served concurrently.

{¶ 12} Coleman's reliance on *Gwynn IV* is misplaced, however, because the Ohio Supreme Court reconsidered and vacated that decision in *State v. Gwynn*, 2023-Ohio-3851 ("*Gwynn V*"). In *Gwynn V*, the Ohio Supreme Court held that de novo review of the trial court's imposition of consecutive sentences is contrary to the language of R.C. 2953.08(G)(2), which provides that an appellate court may only increase, reduce, or other modify consecutive sentences if the record does not "clearly and convincingly" support the trial court's R.C. 2929.14(C)(4) findings. *Id.* at ¶ 13, 16. The Court defined "clear and convincing evidence" as "'that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶ 14, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus. The Court instructed the appellate court that "it must have a firm belief or conviction that the record does not support the trial court's findings before it may increase, reduce, or otherwise modify consecutive sentences" and that it should employ a deferential standard regarding the trial court's consecutive-sentence findings. *Id.* at ¶ 15.

{¶ 13} The trial court in this case made the findings required by R.C. 2929.14(C)(4) both at the resentencing hearing and in its judgment entry. We do not have a "firm belief or conviction" that the record does not clearly and convincingly support the trial court's findings. In fact, our review demonstrates that the record supports the court's findings. As this court found in *Coleman I*, during

the domestic violence incident with his girlfriend and in the presence of his three children, Coleman "threatened to shoot up the house, while carrying a gun in his holster." *Coleman I*, 2023-Ohio-4418, at ¶ 3 (8th Dist.). Despite Coleman's assertion otherwise, that is a very serious offense. Furthermore, at the resentencing hearing, the trial court reviewed Coleman's extensive criminal history beginning in 2010 and continuing in 2011, 2014, 2018, and 2019, involving offenses such as abduction, attempted domestic violence, breaking and entering, felonious assault of a police officer, carrying a weapon while under disability, and receiving stolen property.

{¶ 14} The record demonstrates, as the trial court found, that consecutive sentences are necessary to protect the public and punish Coleman and are not disproportionate to the seriousness of his conduct and the danger he poses to the public, and his history of criminal conduct demonstrates consecutive sentences are necessary to protect the public from future crime by Coleman. The assignment of error is therefore overruled.

{¶ 15} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, ADMINISTRATIVE JUDGE

EILEEN A. GALLAGHER, J., and
EILEEN T. GALLAGHER, J., CONCUR